# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| JOHN DOE-4 and JOHN DOE-5 by their mother and next friend, Jane Doe-4/5, and JANE DOE-4/5,<br>　　　　　　　　Plaintiffs,<br>v.<br>BRADY SMITH, LOUIS DALTON, ARLENE BLANK, DIANNE SHEPARD, CHARLES DRAKE, KATHRYN FLETCHER, MICHAEL CAIN, DONALD HANSEN, CAROL STACK, and CHAMPAIGN COMMUNITY SCHOOL DISTRICT NO. 4 BOARD OF EDUCATION,<br>　　　　　　　　Defendants. | Case No. 02-2117 |

## ORDER

Before the Court is the Motion to Unseal Documents Pertaining to Settlement (#105) filed by the Intervenor herein, The News-Gazette, Inc.

No response has been filed by any party.  However, the Court notes that Plaintiffs' Response to News-Gazette, Inc.'s Application for Intervention and Motion to Unseal Settlement Documents with Incorporated Memorandum of Law (#104) filed in opposition to the original motion to intervene, did contain argument in opposition to the unsealing of the settlement documents.  Consequently, the Court does not consider the present motion unopposed.

The Court has reviewed the written submissions and carefully considered the arguments of counsel.

On March 31, 2004, the parties notified the Court of a settlement.  The same date, the Court entered an Order Following Report of Settlement (#92) which directed the parties to file a stipulation of dismissal and tender a dismissal order.  It did not require the parties to reveal any

details regarding the settlement. On April 26, 2004, Plaintiffs filed a motion asking the Court to reopen settlement negotiations. That motion was docketed as #94 and filed under seal in accordance with the designation on the document. A response was filed and docketed as #96. This was filed under seal in the same fashion.

The Court's recollection is consistent with the representation of the Intervenor that the Court has never specifically addressed the question of the motion and response being filed under seal. Regardless, it is the opinion of the Court that, pursuant to the authority cited by intervenor, it is proper to allow intervenor access to the motion and response (#94 and #96) which have been filed under seal. The Court is persuaded by the reasoning of intervenor and the authority behind it. Accordingly, the Motion to Unseal Documents Pertaining to Settlement **(#105)** is **GRANTED**.

ENTER this 17th day of September, 2004.



s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE

H:\Inbox\Doe\02-2117\Doe4 &5 v Smith.02-2117.m to unseal#106.order.wpd